IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | CRIMINAL NO. 1:06CR95 LG-JMR |
| | § | |
| FRANCISCO RAMOS-GARCIA | § | |

## ORDER DENYING MOTION FOR CORRECTION OF SENTENCE

BEFORE THE COURT is the Defendant's *pro se* Motion [16] For Correction of Sentence. Defendant Ramos pleaded guilty to the one-count indictment charging him with re-entering the United States as an aggravated felon who was previously deported, in violation of Title 8, United States Code, Sections 1326(a)(2) and (b)(2). During the hearing, Ramos pled guilty pursuant to a written plea agreement in which he waived his right to seek post-conviction relief. He was sentenced on April 3, 2007 to 77 months incarceration and three years supervised release. He now moves to reduce his sentence based on "sentencing disparities created by the arbitrary fasttrack system." His argument is that because the government has not established a fast-track, or early disposition, program in this district, he received a longer sentence than he would have in one of the federal districts along the southwest border of the United States that do utilize the program. After due consideration of the request, the Court finds it should be dismissed for lack of jurisdiction. Even if liberally construed as a motion attacking sentence under 28 U.S.C. § 2255, the motion presents no grounds for relief. It will therefore be denied.

DISCUSSION

Subject only to very specific exceptions, which do not apply here, "the court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also United States v. Handa*, 122 F.3d 690, 691 (9th Cir. 1997) (district court does not have inherent power to resentence defendants at any time.); *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir.

1997) ("A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."); *United States v. Burd*, 86 F.3d 285, 289 (2d Cir. 1996) ("The enactment of 18 U.S.C. § 3582 and § 3742 and the ratification of Rules 35 and 36 of the Federal Rules of Criminal Procedure reflect Congress' desire to insulate criminal sentences from change by the district court, but for a few exceptions.").

Alternatively, were the Court to construe this Motion as a collateral attack upon the sentence pursuant to 28 U.S.C. § 2255, the result would be unavailing. First, Defendant waived his right to habeas corpus relief under § 2255 as part of his plea agreement with the government. Second, a § 2255 motion would be untimely. *See* 28 U.S.C. § 2255(f). Finally, the Fifth Circuit has rejected the fast-track arguments made by the Defendant, holding that "any disparity in sentencing between fast-track and non-fast-track jurisdictions is a function of Congressional policy and thus is not 'unwarranted' under § 3553(a)(6)." *United States v. Lopez-Velasquez*, 526 F.3d 804, 808 (5th Cir. 2008). "Congress gave the Attorney General the discretion to establish programs where he thinks they are needed." *United States v. Gomez-Herrera*, 523 F.3d 554, 560 (5th Cir. 2008). Further, there is no equal protection violation "because the fast-track program does not implicate either a suspect class or a fundamental right." *Lopez-Valasquez*, 526 F.3d at 808. Accordingly, when considered on the merits, the motion presents no grounds for relief.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant's *pro se* Motion [16] for Correction of Sentence is **DISMISSED FOR LACK OF JURISDICTION**.

**SO ORDERED AND ADJUDGED** this the 22nd day of September, 2009.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE